UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SMARTPAK EQUINE, L.L.C., <br> Plaintiff, <br><br> v. <br><br> CARL JANZEN, individually and d/b/a QWIK AND SIMPLE, JAMES CHRISTIE, d/b/a QWIK AND SIMPLE and GRANT MYHRE, d/b/a QWIK AND SIMPLE, <br><br> Defendants. | MAGISTRATE JUDGE Cohen <br><br> CIVIL ACTION NO. <br><br> 04-12454 RGS <br><br> RECEIPT # <br> AMOUNT $150 <br> SUMMONS ISSUED <br> LOCAL RULE 4.1 <br> WAIVER FORM <br> MCF ISSUED <br> BY DPTY CLK. <br> DATE 11/22/04 |

## COMPLAINT

In this Complaint, the plaintiff alleges that certain individuals doing business as Qwik and Simple have infringed the plaintiff's patent relating to the administration of horse supplements. The plaintiff further alleges that its former employee, Defendant Carl Janzen, breached his duty of loyalty to the plaintiff and misappropriated plaintiff's trade secrets in establishing and operating Qwik and Simple. Finally, the plaintiff alleges that the individuals doing business as Qwik and Simple have violated Mass. Gen. Laws ch. 93 § 42 and ch. 93A by wrongfully using the plaintiff's confidential and proprietary information in the course of Qwik and Simple's business.

### I.   PARTIES

1.  Plaintiff SmartPak Equine, L.L.C. ("SmartPak Equine") is a Delaware limited liability company with its principal place of business in Plymouth, Massachusetts. SmartPak Equine is engaged in the sale of custom-packaged horse supplements, among other products.

2. On information and belief, defendant Carl Janzen ("Janzen") is a citizen of the United States and resides in Pembroke, Massachusetts. Janzen is a former employee of SmartPak Equine who began doing business as Qwik and Simple after leaving SmartPak Equine.

3. On information and belief, defendant James Christie is a citizen of the United States and resides in Pembroke, Massachusetts.

4. On information and belief, defendant Grant Myhre is a citizen of the United States and resides in Milton, New Hampshire.

5. On information and belief, Christie, Myhre, and other unknown individuals purchased Qwik and Simple from Janzen earlier this year. On information and belief, Christie, Myhre and other unknown individuals currently do business as Qwik and Simple.

6. On information and belief, Qwik and Simple is the name under which defendants Janzen, Christie, Myhre, and other unknown individuals have conducted or currently conduct business. On information and belief, Qwik and Simple does business at 171 Mattakeesett Street, Pembroke, MA 02359. Qwik and Simple sells custom-packaged supplements for horses under the name "QAS Supplement Delivery System." Some of theses sales are effectuated through Qwik and Simple's web site (www.qwikandsimple.com).

7. All references to "Defendants QAS" in this Complaint include Janzen doing business as Qwik and Simple, Christie doing business as Qwik and Simple, and Myhre doing business as Qwik and Simple.

## II.   JURISDICTION AND VENUE

8. Defendants have continuous and systematic contacts with Massachusetts and/or specific contacts with Massachusetts sufficiently related to this cause of action to warrant the exercise of personal jurisdiction by this Court.

9. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1400(b).

### III.  FACTS

**A.  SmartPak Equine's Development of SmartPaks**

11. SmartPak Equine is the assignee of United States Letters Patent No. 6,733,771 ("the '771 patent"), issued by the United States Patent and Trademark Office. A copy of the '771 patent is attached hereto as Exhibit A. SmartPak Equine has developed a horse supplement delivery system according to the '771 patent which it markets and sells under the name SmartPak.

12. In developing its pioneering horse supplement delivery system, SmartPak Equine has consistently taken steps to safeguard as confidential, proprietary and as trade secrets its knowledge and information relating to custom-packaged horse supplement products and the sale of such products. This knowledge and information includes, without limitation, (i) know how related to the cost-effective production of SmartPaks; (ii) key production and financial metrics; (iii) future production plans; (iv) strategic vendor relationships; (v) SmartPak Equine's present and future marketing plans; (vi) the existence of a highly confidential business relationship; and (vii) information relating to SmartPak Equine's financing history, strategy, and prospects.

13. To protect its proprietary and confidential knowledge and information, SmartPak Equine has, among other things, required employees with access to such confidential knowledge and information to sign agreements of confidentiality. SmartPak Equine also requires visitors who see SmartPak Equine's production floor to sign agreements of confidentiality.

**B.  Janzen's Employment With SmartPak Equine**

14. Defendant Carl Janzen was employed by SmartPak Equine from May 2001 to February 2003.

15. During his employment with SmartPak Equine, Janzen acquired extensive knowledge and information about SmartPak Equine's development, design, manufacture, and marketing of custom-packaged horse supplements.

16. On September 23, 2002, Janzen signed a Proprietary Rights and Non-Competition Agreement (the "Non-Compete Agreement"). A copy of the Non-Compete Agreement is attached hereto as Exhibit B.

17. In the course of his employment with SmartPak Equine, Janzen engaged in activities relating to fulfillment process development, fixture design, next generation production approaches, purchasing, inventory management, logistics, fundraising, and production management. Janzen participated in dozens of meetings in which SmartPak Equine disclosed confidential information, including meetings at which ideas for marketing SmartPak Equine products were discussed. Janzen also saw documents in which confidential SmartPak Equine information was disclosed.

C. **Defendants' Use of SmartPak Equine's Confidential Information and Infringement of the '771 Patent**

18. In 2003, Janzen left the employment of SmartPak Equine. Within one year of leaving SmartPak Equine, Janzen started doing business as Qwik and Simple. Janzen used the confidential knowledge and information he was privy to as an employee of SmartPak Equine to conduct business as Qwik and Simple. On information and belief, Janzen hired one or more former SmartPak Equine employees and solicited SmartPak Equine customers.

19. On information and belief, in July or August 2004, Janzen sold Qwik and Simple to Christie, Myhre, and other unknown individuals.

20. Like SmartPak Equine, Qwik and Simple sells custom-packaged supplements for horses. Qwik and Simple's customers order specific types and amounts of supplements for a

given horse. Qwik and Simple then packages the supplements according to the orders placed by its customers. The supplements are packaged in a plastic tray that has multiple compartments. These packages are shipped to customers who feed the supplements to horses.

## COUNT ONE

### (Patent Infringement -- Defendants QAS)

21.     SmartPak Equine realleges and incorporates herein by reference the allegations of paragraphs 1 through 20.

22.     Defendants QAS are now engaged in or have engaged in, the manufacture, use, offer for sale, sale, and/or importation of a horse supplement delivery system that infringes the '771 patent, including, without limitation, the QAS Supplement Delivery System.

23.     Defendants QAS are now engaged in or have engaged in the offer for sale and/or sale of a material or apparatus for use in practicing the methods patented in the '771 patent. This material or apparatus includes, without limitation, the pre-packaged supplements sold by Defendants QAS. This material or apparatus constitutes a material part of the methods patented in the '771 patent. Defendants QAS know that this material or apparatus is especially made or adapted for use in infringing the '771 patent. This material or apparatus is not a staple article or commodity of commerce suitable for substantial noninfringing use.

24.     By manufacturing, using, offering for sale, selling, and/or importing the QAS Supplement Delivery System, Defendants QAS have infringed, have induced others to infringe, and/or have contributed to infringement by others of the '771 patent. Defendants QAS will continue to do so unless enjoined by this Court.

25.     The infringing activities of Defendants QAS are willful and in flagrant disregard of SmartPak Equine's rights under the '771 patent.

26. Defendants QAS have made and are making unlawful gains and profits from their direct infringement, inducement of infringement, and/or contributory infringement of the '771 patent and have thereby deprived and continue to deprive SmartPak Equine of rights and remunerations which would have accrued to it but for Defendants QAS's patent infringement.

27. As a direct consequence of the acts and practices alleged, SmartPak Equine has been, is being and, unless such acts and practices are enjoined by the Court, will continue to be injured in its business and property rights, and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief.

28. By reason of the acts and practices alleged herein, Defendants QAS have caused, are causing and, unless such acts and practices are enjoined by the Court, will continue to cause immediate and irreparable harm to SmartPak Equine for which SmartPak Equine has no adequate remedy at law and for which it is entitled to injunctive relief.

## COUNT TWO

### (Breach of Contract -- Janzen Individually)

29. SmartPak Equine realleges and incorporates herein by reference the allegations of paragraphs 1 through 28.

30. On September 23, 2002, Defendant Carl Janzen entered into the Non-Competition Agreement with SmartPak Equine. Janzen's obligations under the Non-Competition Agreement included the following: (a) to keep in confidence and not disclose any Confidential Information of SmartPak Equine; (b) not to solicit any SmartPak Equine employees; and (c) for one year after termination of his employment, not to compete directly or indirectly against SmartPak Equine.

31. By executing the Agreement, Janzen entered into a binding contract with SmartPak Equine.

32. Janzen has breached his obligations under the agreement by, *inter alia*: (a) manufacturing and selling custom-packaged supplements for horses in competition with SmartPak Equine within one year after termination of his employment with SmartPak Equine; (b) on information and belief, soliciting former SmartPak Equine employees; and (c) disclosing confidential information of SmartPak Equine.

33. As a direct and proximate result of Janzen's breach of the Agreement, SmartPak Equine has suffered and continues to suffer irreparable harm and actual loss.

## COUNT THREE

### (Breach of the Duty of Loyalty -- Janzen Individually)

34. SmartPak Equine realleges and incorporates herein by reference the allegations of paragraphs 1 through 33.

35. By virtue of his employment with SmartPak Equine, Janzen owed a duty of loyalty to SmartPak Equine.

36. Janzen has breached his obligations by, *inter alia*: (a) using SmartPak Equine's confidential and proprietary information and trade secrets to sell custom-packed supplements for horses in competition with SmartPak Equine; and (b) disclosing confidential information of SmartPak Equine.

## COUNT FOUR

### (Misappropriation of Trade Secrets -- Defendants QAS)

37. SmartPak Equine realleges and incorporates herein by reference the allegations of paragraphs 1 through 36.

38. Defendants QAS and Janzen individually, by engaging in the conduct described above, have misappropriated SmartPak Equine's confidential information in violation of their common law duties and Mass. Gen. Laws ch. 93, § 42.

39. As a result of the foregoing, SmartPak Equine has suffered, and continues to suffer, irreparable harm and monetary damages.

## COUNT FIVE

### (Violation of Ch. 93A, § 2 -- Defendants QAS and Janzen Individually)

40. SmartPak Equine realleges and incorporates herein by reference the allegations of paragraphs 1 through 39.

41. The conduct of Defendants QAS and Janzen individually, as alleged above, occurred in the course of trade or commerce.

42. Defendants QAS and Janzen individually have wrongfully used SmartPak Equine's confidential and proprietary information and trade secrets in the course of their business.

43. Defendants QAS and Janzen individually, by engaging in the aforesaid conduct, have engaged in unfair and deceptive acts or practices in violation of Mass. Gen. Laws ch. 93A, § 2. These unfair and deceptive acts or practices were done in willful and knowing violation of Mass. Gen. Laws ch. 93A, § 2.

44. As a direct and proximate result of the wrongful conduct and practices of Defendants QAS and Janzen individually, SmartPak Equine has suffered, and continues to suffer, irreparable harm and actual loss.

## DEMAND FOR JURY TRIAL

Plaintiff demand a trial by jury with respect to all issues so triable.

## PRAYERS FOR RELIEF

WHEREFORE, plaintiff pray for relief against defendants as follows:

A.  For judgment declaring that Defendants QAS have directly infringed, induced the infringement of, and/or contributorily infringed United States Letters Patent No. 6,733,771 and that such infringement is willful;

B.  For an accounting of all uses, offers for sale, sales, importation, promotions and advertising for all horse supplement delivery systems infringing United States Letters Patent No. 6,733,771;

C.  For preliminary and permanent injunctive relief enjoining the QAS Defendants, their officers, agents, servants, representatives, employees, attorneys, successors, and assigns, and all persons and entities acting for them or on their behalf, or acting in concert with them, from directly or indirectly making or causing to be made, using or causing to be used, offering to sell or causing to be offered for sale, selling or causing to be sold, or importing or causing to be imported the QAS Supplement Delivery System and any other system that infringes United States Letters Patent No. 6,733,771, and from all other further direct infringement, contributory infringement, or inducement of infringement of said patent;

D.  For preliminary and permanent injunctive relief enjoining the QAS Defendants, their officers, agents, servants, representatives, employees, attorneys, successors, and assigns, and all persons and entities acting for them or on their behalf, or acting in concert with them, from directly or indirectly using, disclosing, or transmitting any of SmartPak Equine's confidential and propriety information and trade secrets;

E.  For monetary relief as follows:

    1.  Damages, including lost profits and interest thereon, but in any event no less than a reasonable royalty, caused by reason of the QAS defendants' infringement,

inducement of infringement, or contributory infringement of United States Letters Patent No. 6,733,771, such damages to be trebled for the QAS defendants' willful and intentional violation of plaintiffs' patent rights; and

        2.      Prejudgment and postjudgment interest, as well as plaintiff's costs, expenses, and attorneys' fees in this action, as authorized by 35 U.S.C. §§ 284 and 285; and

        3.      Damages caused by the defendants' misappropriation of SmartPak Equine's confidential and proprietary information and trade secrets, and unfair and deceptive acts; and

        4.      An award of double damages as authorized by Mass. Gen. Laws ch. 93; and

        5.      An award of double or treble damages and attorneys' fees and costs as authorized by Mass. Gen. Laws ch. 93A;

        6.      Damages caused by Janzen's breach of contract and breach of the duty of loyalty.

        F.      For such other, further, and different relief as the Court deems just and proper.

Dated: November 19, 2004            SMARTPAK EQUINE, L.L.C.,

                                        By their attorneys,

*[signature]*
Denise W. DeFranco (BBO# 558859)
Jeremy A. Younkin (BBO# 654047)
FOLEY HOAG
155 Seaport Boulevard
Boston, MA 02210-2600
Tel. (617) 832-1000
Fax (617) 832-7000

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Brian Gaffey, Kevin Gaffey

### DEFENDANTS
Acadia Insurance Company

**(b)** County of Residence of First Listed Plaintiff: **Essex**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Cianciulli & Ouellette 163 Cabot St. Beverly, MA 01915
978-922-9933

Attorneys (If Known)

04  12354 RGS

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☒ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury— Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / Habeas Corpus: ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |

### V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

This is a breach of contract involving marine insurance

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 34,120.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

### VIII. RELATED CASE(S) IF ANY
(See instructions): None.
JUDGE _____   DOCKET NUMBER _____

DATE: October 28, 2004

SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) Brian Gaffey v. Acadia Insurance Company

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [ ] II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
   - [x] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
   - [ ] IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   None

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ] NO [x]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ] NO [x]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ] NO [x]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ] NO [x]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [ ] NO [x]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [x]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ] NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME David S. Smith
ADDRESS Cianciulli & Ouellette 163 Cabot St. Beverly, MA 01915
TELEPHONE NO. 978-922-9933

(Coversheetlocal.wpd - 10/17/02)